Ted **LONG** and Marion Long

v.

**TOWN OF ELIOT, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1986.
Decided March 3, 1987.

Roberts & Cohen, Sanford Roberts (orally), Portsmouth, N.H., for plaintiff.

Bernstein, Shur, Sawyer & Nelson, Christopher Vaniotis (orally), Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

The Town of Eliot and its Code Enforcement Officer appeal from a judgment of the Superior Court, York County, reversing a Board of Zoning Appeals determination that Eliot's zoning ordinance requires three acres for each mobile home in an extension of Ted and Marion Long's mobile home park. The Superior Court did not address the board's denial of the Longs' application for a variance. Because we agree with the board's interpretation of the ordinance and because the Longs did not establish that they were entitled to a variance, we affirm both of the board's decisions.

## I.

The facts are not in dispute. The Longs initially obtained a variance to build a mobile home park in 1972, prior to the enactment of the present zoning ordinance. There are currently 90 mobile homes on 30 acres of land in the Longs' mobile home park. The Longs want to add 25 sites on an adjacent 11 acre parcel that is identified as a buffer zone for the park. Both the park and the buffer zone are located in a rural district. The Longs applied to the Eliot Planning Board to add the 25 sites as a conditional use. The application was denied because the Planning Board concluded that each mobile home required a minimum lot size of three acres. The Longs appealed the denial and applied for a variance to the Zoning Board of Appeals. After a hearing the Board of Appeals upheld the Planning Board's interpretation of the zoning ordinance. The board also denied the variance because it found the Longs did not meet the statutory and ordinance criteria.

## II.

On the Longs' appeal, the Superior Court held that reading the zoning "ordinances as requiring three-acre sites within a mobile home park would have the effect of frustrating clear legislative intent and, as a practical matter, prohibiting an approved use," and that imposing a three acre requirement "constitutes an impermissible assumption of legislative authority." The court concluded that the ordinance imposed no minimum lot size for individual sites within a mobile home park. We do not agree.

■ Section 205.2 of the Eliot Zoning Ordinance states that the purposes of rural districts are

to provide for low density rural housing; to protect, from suburban development pressures, agricultural and forest land capable of economic production, so as to safeguard this sector of the town's economic base and to avoid the irretrievable loss of land well suited for food and fiber production; and to help maintain the essentially rural and open character.

Section 305 of the zoning ordinance requires a minimum of three acres for each lot in a rural district. Section 332.4 of the zoning ordinance requires that "[n]o more than one mobile home shall be placed on a single lot, and all dimensional requirements for a single family dwelling within the district in which the mobile home is placed shall be met." By its Site Review Ordinance, Eliot requires that a mobile home park have a license issued by the Planning Board. Section 406.3 of the Site Review Ordinance requires that mobile home parks "comply with all area, setback and general requirements of the district in which they are located." The plain language of the above provisions dictates a three acre lot size for each mobile home in a mobile home park that is located in a rural district. The board, therefore, correctly applied Eliot's ordinances.

## III.

The application for a variance is controlled by section 507.4.2 of the Eliot Zoning Ordinance and by 30 M.R.S.A. § 4963(3) (Supp.1986). Both the zoning ordinance and the statute require the applicant to show

A. That the land in question cannot yield a reasonable return unless a variance is granted;

B. That the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

C. That the granting of a variance will not alter the essential character of the locality; and

D. That the hardship is not the result of action taken by the applicant or a prior owner.

██ The Zoning Board heard testimony and received evidence on the Longs' request for a variance and found that the Longs did not meet the criteria necessary for a variance. The record supports the board's conclusion that the Longs presented insufficient evidence that the land cannot yield a reasonable return without a variance. A reasonable return does not mean maximum return. *Grand Beach As-*

*sociation, Inc. v. Town of Old Orchard Beach,* 516 A.2d 551, 554–55 (Me.1986). Indeed, the board could conclude that the Longs had not sustained their burden of proof on any of the prerequisites to the granting of a variance. The Eliot Board of Appeals committed no error when it denied the Longs' request for a variance.

The entry is:

Judgment vacated.

Remanded for entry of judgment affirming the decision of the Board of Zoning Appeals.

All concurring.